IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § | 2:12-cv-55-MHS-CMC |
| BRANCH BANKING AND TRUST CO., | § § § | |
| Defendant. | | |
| _____ | | |
| BRANCH BANKING AND TRUST CO., | § § | |
| Third Party Plaintiff, | § § | |
| v. | § § | |
| RADWARE, INC., | § § | |
| Third Party Defendant. | § | |
| _____ | | |

## THIRD PARTY COMPLAINT

Defendant Branch Banking and Trust Co. ("BB&T"), as a Third-Party Plaintiff, files this Third-Party Complaint against Radware, Inc. ("Radware"), as a Third-Party Defendant, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. BB&T requests that the Court enter an order compelling Radware to indemnify, defend and hold harmless BB&T against the claims of patent infringement made by Plaintiff TQP Development, LLC ("TQP") and enter an order awarding BB&T its damages for Radware's breach of its indemnity obligations to BB&T and/or for breach of warranty of title and against infringement claims.

## PARTIES

1.  BB&T is a North Carolina corporation with its principal place of business at 200 West Second Street, Winston-Salem, North Carolina 27101. BB&T may be served through its agent

for service of process at CT Corporation System at 150 Fayetteville St., Box 1011, Raleigh, North Carolina 27601.

2. Third-Party Defendant, Radware is a North Carolina corporation with its principal place of business in the United States at 575 Corporation Drive, Mahwah, New Jersey 07430. Radware may be served through its agent for service of process, Covelight Systems, Inc., at 8000 Regency Parkway, Fourth Floor, Cary, North Carolina 27518.

## JURISDICTION

3. As the claims in this Third-Party Complaint form part of the same case or controversy as the TQP's Original Complaint, this Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1367(a). *See State National Ins. Co. Inc. v. Yates*, 391 F. 3d 577 (5th Cir. 2004) and 28 U.S.C.A. sec.1367, Practice Commentary, David D. Siegal.

4. This Court has specific and general personal jurisdiction over Radware because Radware has purposefully availed itself of the benefits and protections of the laws of the State of Texas by maintaining substantial and continuous business contacts and relationships in Texas, including selling products to companies in Texas.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and because BB&T's claims arise from the same events or omissions that form the basis for TQP's action against BB&T that is already pending here.

## FACTS

6. BB&T purchased products known as Nortel Application Switch 2424-SSL ("Alteon Products") from Nortel Networks, Inc. ("Nortel").

7. BB&T purchased products known as Inflight hardware appliances, software, and licenses ("Covelight Products") from Covelight Systems, Inc. ("Covelight").

2

8. Upon information and belief, Radware is Nortel's successor in interest with respect to the rights and obligations concerning the Alteon Products.

9. Upon information and belief, Radware is Covelight's successor in interest with respect to the rights and obligations concerning the Covelight Products.

10. TQP initiated the present suit ("TQP Case") by filing a complaint against BB&T for infringement of U.S. Patent No. 5, 412, 730 ("the '730 patent").

11. TQP has submitted infringement contentions in the TQP Case against BB&T. The infringement contentions are based upon BB&T's use of the Alteon Products and Covelight Products that BB&T purchased from Radware and/or its predecessors in interest.

12. After being served with the Complaint in this case, BB&T communicated with Radware about the TQP Case, tendered the defense of the case to Radware, and demanded that Radware defend, hold harmless and indemnify BB&T against the patent infringement claims made by TQP.

13. Radware refused to tender a defense and has refused to indemnify and hold harmless BB&T from any potential liability and for BB&T's costs and expenses in defending against the TQP Case based on the Alteon Products and Covelight Products.

14. BB&T is currently being forced to defend itself and is incurring reasonable and necessary fees and expenses in doing so, which should have been undertaken or reimbursed by Radware.

15. Pursuant to various contracts, including a Purchase and License Agreement (the "PALA"), Equipment Purchase and Services Agreement (the "EPSA"), and End User License Agreement (the "EULA") (collectively, the "Indemnifying Contracts"), Radware is obligated to

indemnify, hold harmless and defend BB&T and pay its defense costs in connection with TQP's claims against BB&T.

16. Upon information and belief, the PALA applies in this case to all of the Alteon Products.

17. The PALA has an indemnity provision, obligating Radware to defend and indemnify BB&T for the costs of defense and any ultimate liability with respect to a patent infringement claim. The indemnity clause reads:

> "12. Patents and Copyrights.  If a third party claims that Nortel Networks Hardware or Software provided to Customer under this Agreement infringes that party's patent or copyright, Nortel Networks will defend Customer against that claim at Nortel Networks' expense and pay all costs and damages that a court finally awards or are agreed in settlement…"  PALA at 3.

18. Alternatively, in the event that the PALA does not apply, upon information and belief, the EPSA applies in this case to all of the Alteon Products.

19. The EPSA has an indemnity provision, obligating Radware to defend and indemnify BB&T for the costs of defense and any ultimate liability with respect to a patent infringement claim. The indemnity clause reads:

> "(b) Infringement related to Patents and Copyrights.  If a third party asserts a claim against Company that the Equipment or Software infringes that party's Intellectual Property Rights ("IPR) [sic], Vendor will defend Company against that claim at Vendor's expense and pay all costs and damages that a court finally awards or are agreed to in settlement of that claim by Vendor."  EPSA at 21.

20. Alternatively, in the event that the EPSA does not apply, upon information and belief, the EULA applies in this case to all of the Covelight Products.

21. The EULA has an indemnity provision, obligating Radware to indemnify and hold harmless BB&T for the costs of defense and any ultimate liability with respect to a patent infringement claim. The indemnity clause reads:

4

"Covelight hereby indemnifies and holds harmless Licensee, its successors and assigns from any loss, liability, claim, or damage that the Software supplied hereunder infringes or is alleged to infringe, a patent, copyright, trade secret or other intellectual property right of any third party." EULA at 2.

22. Alternatively, BB&T's purchase of the Alteon Products and Covelight Products constitutes a contract for the sale of goods under the Uniform Commercial Code ("UCC"), which includes a warranty of title and against infringement under § 2-312.

23. Radware remains obligated to BB&T for the costs and expenses of its defense with respect to the Alteon Products and Covelight Products.

## **COUNT I – BREACH OF CONTRACT (PALA)**

24. BB&T incorporates by reference the allegations in paragraphs 1-23.

25. All conditions precedent for this cause of action have been satisfied.

26. The PALA is a valid and enforceable contract between BB&T and Radware.

27. The PALA includes an indemnity provision that obligates Radware to defend BB&T and pay its defense costs in the event of a lawsuit alleging patent infringement. based on the Alteon Products.

28. BB&T was sued in the TQP Case for patent infringement based on the Alteon Products.

29. Under the PALA, Radware is obligated to defend and indemnify BB&T, and pay its defense costs, in connection with the claims made by TQP.

30. BB&T communicated with Radware about the TQP Case, tendered defense of the case to Radware, and demanded indemnity against the infringement claims. BB&T performed any obligations it had.

31. Radware refused the tender of the defense and refused to indemnify BB&T for any potential liability and for its costs and expenses in defending the TQP Case based on the Alteon

5

Products. By failing to fulfill its obligations to indemnify, hold harmless and defend BB&T in the TQP Case, Radware breached the PALA.

32. Radware's breach has caused and is causing BB&T injury. As a result of Radware's breach, BB&T has incurred substantial costs and expenses and attorneys' fees in defending itself in the TQP case based on the Alteon Products. BB&T is entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees and BB&T is entitled to be defended, held harmless and indemnified by Radware.

## COUNT II – BREACH OF CONTRACT (EPSA)

33. BB&T incorporates by reference the allegations in paragraphs 1-32.

34. All conditions precedent for this cause of action have been satisfied.

35. The EPSA is a valid and enforceable contract between BB&T and Radware.

36. The EPSA includes an indemnity provision that obligates Radware to defend BB&T and pay its defense costs in the event of a lawsuit against BB&T alleging patent infringement based on the Alteon Products.

37. BB&T was sued in the TQP Case for patent infringement based on the Alteon Products.

38. Under the EPSA, Radware was obligated to indemnify and defend BB&T and pay its defense costs.

39. BB&T communicated with Radware about the TQP Case, tendered defense of the case to Radware, and demanded to be held harmless and indemnified against any liability to TQP for the patent infringement claims. BB&T performed any obligations it had.

40. Radware refused the tender of the defense, refused to hold harmless BB&T and refused to indemnify BB&T for any potential liability and for BB&T's costs and expenses in

6

defending the TQP Case based on the Alteon Products. By failing to fulfill its obligations to defend, indemnify and hold harmless BB&T in the TQP Case, Radware breached the EPSA.

41. Radware's breach has caused and is causing BB&T injury. As a result of Radware's breach, BB&T has incurred substantial costs and expenses and attorneys' fees in defending itself in the TQP case based on the Alteon Products. BB&T is entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees and BB&T is entitled to be defended, held harmless and indemnified by Radware. BB&T is further entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees in connection with bringing this claim against Radware.

## **COUNT III – BREACH OF CONTRACT (EULA)**

42. BB&T incorporates by reference the allegations in paragraphs 1-41.

43. All conditions precedent for this cause of action have been satisfied.

44. The EULA is a valid and enforceable contract between BB&T and Radware.

45. The EULA includes an indemnity provision that obligates Radware to defend BB&T and pay its defense costs in the event of a lawsuit alleging patent infringement.

46. BB&T was sued in the TQP Case for patent infringement based on the Covelight Products.

47. Under the EULA, Radware was obligated to defend, indemnify and hold harmless BB&T and to pay BB&T its defense costs.

48. BB&T communicated with Radware about the TQP Case, tendered defense of the case to Radware, and demanded to be held harmless and indemnified against the patent infringement claims of TQP. BB&T performed any obligations it had.

7

49. Radware refused the tender of the defense, refused to hold harmless and refused to indemnify BB&T for its costs and expenses in defending the TQP Case based on the Covelight Products. By failing to fulfill its obligations to defend BB&T in the TQP Case, Radware breached the EULA.

50. Radware's breach has caused and is causing BB&T injury. As a result of Radware's breach, BB&T has incurred substantial costs and expenses and attorneys' fees in defending itself in the TQP case based on the Covelight Products. BB&T is entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees and BB&T is entitled to be defended, held harmless and indemnified by Radware. BB&T is further entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees in connection with bringing this claim against Radware.

### COUNT IV – BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT

51. BB&T incorporates by reference the allegations in paragraphs 1-50.

52. All conditions precedent for this cause of action have been satisfied.

53. Under the UCC, both Nortel and Covelight warranted that they conveyed good and rightful title to the goods delivered, and that the goods delivered were free of claims of infringement by third parties. *See* UCC § 2-312.

54. BB&T purchased the Alteon Products and Covelight Products in contracts for sale.

55. At the time BB&T purchased the Alteon Products and Covelight Products, BB&T was not aware of any potential encumbrances on goods, including any claims of patent infringement.

56. No document concerning the contracts for sale contained an exclusion or modification by specific language suggesting that Nortel or Covelight did not claim title in itself

8

or that Nortel or Covelight was purporting to sell only such right or title as it or a third person may have.

57. Nortel and Covelight were merchants regularly dealing in the goods of the kind of the Alteon Products and Covelight Products.

58. BB&T used the Alteon Products and Covelight Products as delivered and without any modification.

59. BB&T was sued in the TQP Case for patent infringement based on the Alteon Products and Covelight Products

60. Within a reasonable time, BB&T communicated with Radware about the TQP Case, tendered defense of the case to Radware, and demanded to be indemnified, defended by and held harmless by Radware against the patent infringement claims of TQP.

61. Radware refused the tender of defense, refused to hold harmless and refused to indemnify BB&T for any potential liability and for its costs and expenses in defending the TQP Case based on the Alteon Products and Covelight Products.

62. Radware breached the warranty of title because the title of the Alteon Products and Covelight Products was not conveyed free of the encumbrance of patent infringement claims.

63. Additionally, Radware breached the warranty against infringement because the Alteon Products and Covelight Products were not delivered free of the alleged rightful claim of any third person by way of infringement.

64. Radware's breach has caused and is causing BB&T injury. As a result of Radware's breach, BB&T has incurred substantial costs and expenses and attorneys' fees in defending itself in the TQP case based on the Alteon Products and Covelight Products. BB&T is entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees and BB&T is entitled to

9

be defended, held harmless and indemnified by Radware. BB&T is further entitled to be reimbursed by Radware for BB&T's costs, expenses and attorney's fees in connection with bringing this claim against Radware.

### COUNT V – ATTORNEYS FEES AND EXPENSES

65. BB&T incorporates by reference the allegations in paragraphs 1-64.

66. All conditions precedent for this cause of action have been satisfied.

67. BB&T presented Radware with its demand for reimbursement of its attorneys' fees and was refused.

68. Radware owed BB&T a duty to defend, hold harmless and indemnify under one of the Indemnifying Contracts. Additionally, Radware warranted that it was transferring good title to the Alteon Products and Covelight Products and that they were free of claims of infringement by others. Radware breached its duties under the Indemnifying Contracts and breached the warranties of title and against infringement.

69. As a result of Radware's breaches, BB&T suffered injury in the form of potential liability to TQP and of substantial costs and expenses, including its reasonable attorneys' fees, in defending itself in the TQP Case based on the Alteon Products and Covelight Products. Radware continues to refuse to indemnify, defend, hold harmless and reimburse BB&T for its costs, expenses and fees. BB&T is entitled to be reimbursed by Radware for its costs, expenses and fees.

70. As a result of such refusal, BB&T has been forced to have counsel bring the present action to enforce its rights under one of the Indemnifying Contracts and/or the UCC.

DAL:1004052/00007:2144708v1

71. BB&T incurred and is incurring costs and expenses including its reasonable attorneys' fees, in enforcing its rights and bringing this action, and it is entitled to such fees and costs in bringing this action.

## PRAYER FOR RELIEF

72. BB&T respectfully requests that this Court enter:

   a. an Order compelling Radware to defend, indemnify and hold harmless BB&T from the claims of TQP based on the Alteon Products and Covelight Products;

   b. a Judgment in favor of BB&T that Radware breached its contractual, UCC or other duties to defend, indemnify and hold harmless BB&T against infringement claims in the TQP Case;

   b. an Order awarding damages in favor of BB&T for the costs, expenses and attorneys' fees incurred by BB&T in defending itself in the TQP Case;

   c. an Order awarding BB&T the amount of its fees and costs, including its reasonable attorneys' fees, to pursue and bring this action, as well as any attorneys' fees on appeal to any court; and

   d. all further relief that this Court may deem just and proper, including any appropriate pre-judgment or post judgment interest on sums awarded.

## DEMAND FOR JURY TRIAL

73. BB&T requests a trial by jury of any issues appropriately tried before a jury.

Respectfully submitted,

October 22, 2012

/s/ Charles E. Phipps
Charles E. Phipps
   Texas State Bar No. 00794457
   cphipps@lockelord.com
Anthony M. Vecchione
   Texas State Bar No. 24061270

          avecchione@lockelord.com
          LOCKE LORD LLP
          2200 Ross Avenue, Suite 2200
          Dallas, Texas  75201
          (214) 740-8000 Telephone
          (214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT**
**BRANCH BANKING AND TRUST COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2012 I electronically served the foregoing to all counsel of record who are deemed to have consented to electronic service via the District Court's CM/ECF system, which sent notification to all counsel of record.

          /s/ Charles E. Phipps