**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § | |
| | § | |
| v. | § | Case No. 2:12-CV-055-JRG-RSP |
| | § | |
| BRANCH BANKING AND TRUST CO. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Declaration of Exceptional Case and Attorney's Fees and Costs (Dkt. No. 124) filed by Defendant Branch Banking and Trust Co. on October 25, 2013.  For the reasons set out below, the motion is DENIED.

*Procedural history:*

In June of 2012, this case was set for trial in March of 2014.  After the case was reassigned to Judge Gilstrap in January 2013, it was reset for November 4, 2013 jury selection. The Markman hearing was held on March 12, 2013 and the Claim Construction ruling issued on May 20, 2013.  Plaintiff represents that in July of 2013 it finally received from Defendant the discovery responses it needed to fully evaluate its claims, and determined that the damages would be less than $25,000.  In early August, Plaintiff asked Defendant to consent to a dismissal with prejudice, presumably with each party bearing its own fees and costs.  Defendant declined this offer in mid-August, at which point Plaintiff filed an Emergency Motion to compel a further mediation session between the parties.  (Dkt. No. 76).  The Court heard arguments by telephone conference on September 4, and denied the motion, advising Plaintiff that it should move to dismiss with prejudice if that was the relief it sought.  (Dkt. No. 77).  Plaintiff filed that motion to dismiss on September 6, 2013 and the matter was heard by the Court on October 16, 2013. At that hearing, Plaintiff stipulated that the effect of their motion was to make Defendant the prevailing party, and Defendant conceded that the Court was left without jurisdiction over the

counterclaim for a declaratory judgment due to the twin effect of dismissal of all current claims and the expiration of the patent, precluding future claims. Defendant was given leave to file a motion to seek the relief sought in its counterclaim under § 285. (Dkt. No. 122 at 117-119). This motion followed promptly.

*Defendant's claim for fees and expenses:*

The Defendant puts forward several different bases for its claim for more than one million dollars in fees and expenses: (1) that this is an exceptional case under §285; (2) that 28 U.S.C. §1927 applies; (3) under "general fee shifting principles;" and (4) under the inherent powers of the court, citing *Chambers v. NASCO, Inc.*

(1) *Section 285:* Defendant has the burden to prove by clear and convincing evidence that the case is exceptional before an award can be considered under §285. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). If the case is shown to be exceptional, the movant must then show that an award of attorney fees is justified. "A case may be deemed exceptional under § 285 where there has been 'willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions.'" *Id.* "Absent litigation misconduct or misconduct in securing the patent, a district court can award attorney fees under §285 only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless." *Id.* "Under this standard, a patentee's case "must have no objective foundation, and the plaintiff must actually know this." *Id.*

Defendant makes two separate arguments under §285. First, that Plaintiff engaged in litigation misconduct by entering into a contingency-based consulting contract with the inventor Michael Jones in an earlier case, and second, that Plaintiff pursued this case without an

evidentiary basis. The Michael Jones issue first arose in the matter of *TQP Development, LLC v. Merrill Lynch & Co., Inc.,* Case No. 2:08cv471 (EDTX). The issue was thoroughly explored by Judge Bryson in a Memorandum Opinion and Order denying a motion to dismiss for unclean hands. (Dkt. No. 561, filed July 18, 2012). The Court there found that Michael Jones was the sole named inventor on the '730 patent (the same patent asserted here). Jones had completely assigned his rights to the patent in 1992. A week before his deposition in that case, Plaintiff entered into a consulting contract with Jones, under which Jones' compensation included "a fee equal to 2.5% of the gross settlement and licensing revenue generated ... with respect to [the '730 patent]." That contract was immediately produced to the defendants. The Court concluded that this arrangement violated §3.04(b) of the Texas Disciplinary Rules of Professional Conduct,[1] as well as a line of court decisions disapproving the practice of paying contingent fees to witnesses in civil cases. *Id.* at 7. The Court did not find sufficient evidence of bad faith to justify the sanction sought, especially because TQP cited reliance on two cases allowing contingent contracts with inventors. The Court found these cases inapplicable because the inventors in those two cases still had an ownership interest in the patents at the time they entered their contracts, whereas Michael Jones did not. *Id.* at 10. However, the Court did not find TQP's reliance on those two cases to be frivolous. The Court found that the defendant's arguments about prejudice were speculative and noted that if Jones testified he would be subject to cross-examination about the agreement. *Id.* at 13.

BB&T's arguments about prejudice fare no better than those in the earlier case. The only specific claim is that BB&T has been deprived of the inventor's unbiased testimony on the

---

[1] The Court may have applied the Disciplinary Rules because the owner of TQP Development, LLC is said to be a lawyer, or because its counsel was found to be involved in the contract.

"scope of the patent." There are several problems with that broad assertion. First, it is black letter law that the claims, rather than the inventor's subjective beliefs, define the scope of the patent. Furthermore, the inventor's testimony during litigation is rarely key to claim construction. Second, BB&T focuses on how often Jones answered at his (post-contract) deposition that he did not remember things. But BB&T fails to mention that those things were mostly things that happened at the time of the application back in 1992. Finally, inventors (like other witnesses) often have a stake in the outcome of the case and juries properly take that into account and defendants nonetheless present effective defenses. As in the earlier case, the claim of prejudice is speculative. The issue is properly a matter for appropriate jury instructions.

With regard to the second basis for applying §285—the claim that Plaintiff had no factual basis for its lawsuit—that Court finds that Defendant has not carried its burden of showing this by clear and convincing evidence. From a review of the record, and the arguments of counsel, the Court finds that Plaintiff was not as diligent as it might have been in pursuing its discovery from Defendant, *and* that Defendant delayed in producing information necessary for Plaintiff to properly analyze its claims, both as to infringement and damages. Once it determined that the claim against BB&T was too small to justify prosecution, Plaintiff acted reasonably in seeking to negotiate a dismissal. BB&T was within its rights to maintain its claim for fees and costs. The Court cannot endorse either side's tactics as a model, but there is nothing exceptional about this aspect of this case.

*(2) 28 U.S.C. §1927:* This section is focused on the behavior of counsel, not the party. BB&T provides very little analysis of its claim under §1927. The Court finds nothing in the record to suggest that Plaintiff's counsel have "so multiplie[d] the proceedings ... unreasonably and vexatiously" as to be liable for fees under this section. Section 1927 is not to be used to

escape the provisions of Rule 11, which of course does not avail BB&T because it did not seek relief before the claims against it were dismissed. *See* Fed. R. Civ. P. 11(c)(2).

*(3) General fee shifting principles:* The primary case relied upon by Defendant for this claim is *Colombrito v. Kelly*, 764 F.2d 122, 133 (2nd Cir. 1985), which actually states that "when a lawsuit is voluntarily dismissed with prejudice under Fed.R.Civ.P. 41(a)(2), attorney's fees have almost never been awarded." The other three cases cited by Defendant on this issue all dealt with motions for voluntary dismissal *without prejudice* and thus have no application to this case.

*(4) Inherent powers of the Court:* As Judge Bryson observed when this basis was urged to him in the earlier case:

> While it is true that a court may invoke its inherent authority to sanction a party for misconduct, see *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), the court's inherent authority is a "residual authority to be exercised sparingly," *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 390-91 (7th Cir. 2002), and should not be exercised in a manner that would displace the statutory or rule-based standards, *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 966 (Fed. Cir. 2010). Moreover, the Fifth Circuit has held that a court should not exercise its inherent powers to impose sanctions unless "bad faith is specifically found." *Goldin v. Bartholow*, 166 F.3d 710, 723 (5th Cir. 1999).

(Case No. 2:08cv471, Dkt. No. 561 at 14). As the Court has shown above, relief is not appropriate under applicable statutory and rule-based grounds. There is no need for resort to the inherent power of the Court.

*Defendant's claim for disgorgement:*

In addition to its primary claim, for fees and expenses, Defendant also makes a claim for disgorgement of any profits of TQP. Although it is short on analysis, the claim seems to be based on the Michael Jones contract. Defendant argues that TQP's profits are "fruit of the

poisonous tree." (Dkt. No. 124 at 1).  The only evidence of profits it offers is the statement that Plaintiff has collected $19.5 million in settlements, but it also claims that this amount was collected before the Jones contract was entered.  (Dkt. No. 124 at 2, 16).  In fact, it also argues that Plaintiff has actually made less per settlement since the Jones contract was entered than it did before.  (Dkt. No. 124 at 16).  Thus, it is not at all clear that the profits are fruit of the Jones tree, whether it is poisonous or not.

*Conclusion*

The Court finds that BB&T has not carried its burden of showing by clear and convincing evidence that this is an exceptional case under §285, or that there is any other applicable basis for an award of attorney's fees, costs or disgorgement under the facts of this case.  Accordingly, the Defendant Branch Banking and Trust Company's Motion for Attorneys' Fees and Costs (Dkt. No. 124) is DENIED.

**SIGNED this 14th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE